IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>      Plaintiff,<br><br>v.<br><br>L-3 Communications Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.  05-122<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI"), as and for their Complaint and Demand For Jury Trial herein, state as follows:

**NATURE OF THE ACTION**

This is an action against L-3 Communication Corporation ("L-3") for willful patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*., for infringing U.S. Patent No. 4,752,694 entitled "Array Uniformity Correction" ("'694 patent"), U.S. Patent No. 5,895,233 entitled "Integrated Silicon Vacuum Micropackage For Infrared Devices" ("'233 patent"),  U.S. Patent No. 6,046,485 entitled "Large Area Low Mass IR Pixel Having Tailored Cross Section" ("'485 patent"), U.S. Patent No. 6,621,083 B2 entitled "High-Absorption Wide-Band Pixel For Bolometer Arrays" ("'083 patent"), U.S. Patent No. Re. 36,136 entitled "Thermal Sensor" ("'136 patent"),  and U.S. Patent No. Re. 36,706 entitled "Microstructure Design For High IR Sensitivity" ("'706 patent"), (collectively, the "Patents In Suit") owned by Honeywell

which describe various innovative features of infrared radiation sensors, also known as "bolometers" or "microbolometers."

## **PARTIES AND JURISDICTION**

1. Plaintiff Honeywell International Inc. is a Delaware corporation with its principle place of business in Morristown, New Jersey.

2. Plaintiff Honeywell Intellectual Properties Inc. is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

3. Honeywell is the assignee of the Patents In Suit and holds the right to recover damages for past, present, and future infringement of the Patents In Suit and the right to seek injunctive relief for infringement of the Patents In Suit.

4. Defendant L-3 is a Delaware corporation with its principle place of business at 600 Third Avenue, New York, New York. L-3 is a supplier of a broad range of products used in the aerospace and defense industries, including secure communication networks, mobile satellite communications, information security systems, shipboard communications, naval power systems, fuses and safety and arming devices for missiles and munitions, and microwave assemblies for radars and missiles. Upon information and belief, L-3 is engaged in the business of making, using, selling, and offering to sell microbolometers.

5. This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. § 1331 and § 1338(a). Personal jurisdiction over the Defendant comports with the United States Constitution because Defendant is a citizen of this state. Venue is proper in this District under the provisions of Title 28 U.S.C. §§ 1391(c) and 1400(b), in that the Defendant has done

business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling the Plaintiffs to monetary and injunctive relief.

### **COUNT I – PATENT INFRINGEMENT (U.S. Patent No. 4,752,694)**

6. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

7. On June 21, 1988, United States Patent No. 4,752,694 entitled "Array Uniformity Correction" was duly and legally issued to Honeywell. A copy of the '694 patent is attached hereto as Exhibit A.

8. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '694 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

9. Upon information and belief, Defendant L-3 has knowledge of the '694 patent.

10. Upon information and belief, Defendant L-3 has willfully infringed the '694 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

11. Defendant's infringement of the '694 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

### **COUNT II – PATENT INFRINGEMENT (U.S. Patent No. 5,895,233)**

12. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

13. On April 20, 1999, United States Patent No. 5,895,233 entitled "Integrated Silicon Vacuum Micropackage For Infrared Devices" was duly and legally issued to Honeywell. A copy of the '233 patent is attached hereto as Exhibit B.

14. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '233 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

15. Upon information and belief, Defendant L-3 has knowledge of the '233 patent.

16. Upon information and belief, Defendant L-3 has willfully infringed the '233 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

17. Defendant's infringement of the '233 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

### COUNT III – PATENT INFRINGEMENT (U.S. Patent No. 6,046,485)

18. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

19. On April 4, 2000, United States Patent No. 6,046,485 entitled "Large Area Low Mass IR Pixel Having Tailored Cross Section" was duly and legally issued to Honeywell. A copy of the '485 patent is attached hereto as Exhibit C.

20. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '485 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

Word 20125133.1

21. Upon information and belief, Defendant L-3 has knowledge of the '485 patent.

22. Upon information and belief, Defendant L-3 has willfully infringed the '485 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

23. Defendant's infringement of the '485 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

## COUNT IV – PATENT INFRINGEMENT (U.S. Patent No. 6,621,083 B2)

24. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

25. On September 16, 2003, United States Patent No. 6,621,083 B2 entitled "High-Absorption Wide-Band Pixel For Bolometer Arrays" was duly and legally issued to Honeywell. A copy of the '083 patent is attached hereto as Exhibit D.

26. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '083 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

27. Upon information and belief, Defendant L-3 has knowledge of the '083 patent.

28. Upon information and belief, Defendant L-3 has willfully infringed the '083 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

29. Defendant's infringement of the '083 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

Word 20125133.1

**COUNT V – PATENT INFRINGEMENT (U.S. Patent No. Re. 36,136)**

30. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

31. On March 9, 1999, United States Patent No. Re. 36,136 entitled "Array Uniformity Correction" was duly and legally re-issued to Honeywell. A copy of the '136 patent is attached hereto as Exhibit E.

32. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '136 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

33. Upon information and belief, Defendant L-3 has knowledge of the '136 patent.

34. Upon information and belief, Defendant L-3 has willfully infringed the '136 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

35. Defendant's infringement of the '136 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

**COUNT VI – PATENT INFRINGEMENT (U.S. Patent No. Re. 36,706)**

36. Honeywell restates and realleges the allegations set forth in paragraphs 1 through 5 and incorporates them by reference.

37. On May 23, 2000, United States Patent No. Re. 36,706 entitled "Array Uniformity Correction" was duly and legally issued to Honeywell. A copy of the '706 patent is attached hereto as Exhibit F.

7

38. Defendant L-3 has directly, indirectly, contributorily, and/or by inducement infringed the '706 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f), literally and/or by the doctrine of equivalents, in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

39. Upon information and belief, Defendant L-3 has knowledge of the '706 patent.

40. Upon information and belief, Defendant L-3 has willfully infringed the '706 patent in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f).

41. Defendant's infringement of the '706 patent has caused injury to Honeywell, and will continue to do so unless enjoined by this Court, thereby entitling Honeywell to all remedies available under the Patent Laws of the United States, including 35 U.S.C. §§ 281-285.

## **PRAYER FOR RELIEF**

WHEREFORE Honeywell respectfully requests the following relief:

1. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. 4,752,684 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

2. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. 5,895,233 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

3. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. 6,046,485 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

Word 20125133.1

4. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. 6,621,083 B2 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

5. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. Re. 36,136 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

6. A finding that Defendant L-3 has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed United States Patent No. Re. 36,706 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

7. A finding that Defendant L-3 willfully infringed one or more claims of United States Patent Nos. 4,752,684, 5,895,233, 6,046,485, 6,621,083 B2, Re. 36,136, and/or Re. 36,706 in violation of 35 U.S.C. §§ 271(a), (b), (c) and/or (f);

8. A permanent injunction enjoining Defendant L-3 and its respective agents, servants, officers, directors, employees, joint venturers and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of United States Patent Nos. 4,752,684, 5,895,233, 6,046,485, 6,621,083 B2, Re. 36,136, and/or Re. 36,706;

9. An order that Defendant L-3 account for and pay Honeywell the damages to which it is entitled as a consequence of its patent infringement, including enhanced damages pursuant to Title 35 U.S.C. § 284;

10. An order that Honeywell be awarded prejudgment interest and its costs, disbursements and attorneys' fees herein in accordance with Title 35 U.S.C. § 285; and

11. Such other and further relief as the Court may deem just and equitable.

## Jury Demand

Plaintiffs hereby respectfully request a trial by jury on all issues so triable.

Dated this 1st day of March, 2005.

                                              ASHBY & GEDDES

                                              _____
                                              Steven J. Balick (I.D. #2114)
                                              John G. Day (I.D. #2403)
                                              222 Delaware Avenue, 17th Floor
                                              Wilmington, Delaware 19899
                                              Phone: (302) 654-1888

*Of Counsel:*                                   *Attorneys for Plaintiffs*

Matthew L. Woods
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Phone: (612) 349-8500
Facsimile: (612) 339-4181
Email: mlwoods@rkmc.com

Dated: March 1, 2005

154153.1

9

Word 20125133.1

# Exhibit A
# U.S. Patent No. 4,752,694

Word 20125133.1

# Exhibit B
# U.S. Patent No. 5,895,233

# Exhibit C
# U.S. Patent No. 6,046,485

# Exhibit D
# U.S. Patent No. 6,621,083 B2

Word 20125133.1

# Exhibit E
# U.S. Patent No. Re. 36,136

Word 20125133.1

# Exhibit F
# U.S. Patent No. Re. 36,706

Word 20125133.1